IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY LEWIS DEDRICK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-05-1195-R |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **REPORT AND RECOMMENDATION**

The Petitioner is a federal prisoner who seeks habeas relief.[1] Judge Russell has referred the action to the undersigned for findings and recommendations on dispositive matters.[2] The Respondent has filed a motion to dismiss, and the Court should grant the motion.

### Discussion

Mr. Dedrick was convicted and sentenced in the United States District Court for the Western District of Texas.[3] On direct appeal, the Fifth Circuit Court of Appeals affirmed the

---

[1]   Application for Writ of Habeas Corpus (Oct. 11, 2005) ("Petition").

[2]   Order (Oct. 12, 2005).

[3]   *See* Petition at p. 1.

conviction and dismissed the appeal with regard to the sentence.[4] Invoking 28 U.S.C. § 2255, Mr. Dedrick unsuccessfully sought relief from his sentence.[5]

He then challenged the same conviction and sentence through the filing of three habeas petitions in the Western District of Oklahoma.[6] In each case, the Court held that the Petitioner had to proceed with a motion under 28 U.S.C. § 2255 and could not pursue the claims through habeas proceedings.[7] Undeterred, Mr. Dedrick filed another habeas petition rather than proceed with a motion under 28 U.S.C. § 2255.[8] As the Court has repeatedly held, Mr. Dedrick's exclusive remedy for a challenge to the conviction or sentence lies under 28 U.S.C. § 2255 (2000).

---

[4] *United States v. Dedrick*, 85 Fed. Appx. 402 (5th Cir. Jan. 23, 2004) (unpublished op.).

[5] *See* Petition for Writ of Habeas Corpus by a Person in Federal Custody at p. 7, *Dedrick v. Scibana*, Case No. CIV-05-575-R (W.D. Okla. May 23, 2005); Order, *Dedrick v. Scibana*, Case No. CIV-05-575-R (W.D. Okla. June 30, 2005).

[6] Petition for Writ of Habeas Corpus by a Person in Federal Custody, *Dedrick v. U.S. Attorney General*, Case No. CIV-05-232-R (W.D. Okla. Feb. 25, 2005); Petition for Writ of Habeas Corpus by a Person in Federal Custody, *Dedrick v. Scibana*, Case No. CIV-05-575-R (W.D. Okla. May 23, 2005); Application for Writ of Habeas Corpus, *Dedrick v. United States*, Case No. CIV-05-1158-R (W.D. Okla. Oct. 4, 2005).

[7] Report and Recommendation, *Dedrick v. Peterson*, Case No. CIV-05-232-R (W.D. Okla. Apr. 22, 2005), *adopted*, Order (W.D. Okla. May 19, 2005); Order, *Dedrick v. Scibana*, Case No. CIV-05-575-R (W.D. Okla. June 30, 2005); Report and Recommendation, *Dedrick v. United States*, Case No. CIV-05-1158-R (W.D. Okla. Oct. 18, 2005), *adopted*, Order (W.D. Okla. Nov. 18, 2005).

[8] Two days after the filing of this action, Mr. Dedrick filed another habeas petition. Application for Writ of Habeas Corpus, *Dedrick v. United States*, Case No. CIV-05-1203-R (W.D. Okla. Oct. 13, 2005). There he claimed denial of court access by the Western District of Texas. *Id.*, *passim*. For the remedy, Mr. Dedrick sought resentencing. *Id.* at pp. 3-4. The Court construed the habeas petition as a Section 2255 motion and ordered dismissal for lack of jurisdiction. Report and Recommendation, *Dedrick v. United States*, Case No. CIV-05-1203-R (W.D. Okla. Oct. 24, 2005), *adopted*, Order (W.D. Okla. Nov. 10, 2005).

A federal prisoner can challenge the execution of his sentence through habeas proceedings, but can generally only contest the validity of a sentence under 28 U.S.C. § 2255.[9] An exception exists when the remedy under Section 2255 is "inadequate or ineffective."[10] But Mr. Dedrick does not question the adequacy or effectiveness of a remedy under Section 2255.

In his petition, Mr. Dedrick alleges: (1) deprivation of due process through a lack of notice regarding possible enhancement of the sentence; (2) enhancement of the sentence without required findings by the jury; and (3) involuntariness of the guilty plea.[11] Based on these alleged errors, Mr. Dedrick requests resentencing.[12]

The Petitioner's claims implicate the validity of the conviction and sentence rather than the means in which the sentence is being carried out. In these circumstances, Section 2255 would ordinarily govern.[13]

As a result, the Court must decide whether to recharacterize the petition as one for relief under Section 2255. The Court should answer in the negative. The Petitioner has once unsuccessfully pursued relief under Section 2255 in the Western District of Texas, and the

---

[9] *See McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997).

[10] *See* 28 U.S.C. § 2255 (2000).

[11] Petition, *passim*; Petitioner's Reply to the Respondent's Answer or Motion to Dismiss (Nov. 14, 2005).

[12] Petition at p. 4.

[13] *See supra* p. 3.

Fifth Circuit Court of Appeals has disallowed the filing of a successive motion by Mr. Dedrick.[14] In these circumstances, the Court should decline to recharacterize the action *sua sponte*.[15]

## Recommendation

For the reasons discussed above, the Court should grant the Respondent's motion to dismiss.

## Notice of Right to Object

The Petitioner may object to this report and recommendation. To do so, Mr. Dedrick must file an objection with the Clerk of this Court.[16] The deadline for objections is January 4, 2006.[17] Failure to file timely objections would foreclose appellate review of the recommended dismissal.[18]

---

[14] *In re Jerry Lewis Dedrick*, Case No. 05-50966 (5th Cir. Aug. 18, 2005); *see* Order (Dec. 15, 2005).

[15] *See Pliler v. Ford*, 542 U.S. 225, 233 (2004) ("although [recharacterization as a Section 2255 motion] is often used to help *pro se* petitioners, it could also harm them" (citation omitted)); *see also Castro v. United States*, 540 U.S. 375, 387-88 (2003) (Scalia, J., concurring) ("even fully informed district courts that try their best not to harm *pro se* litigants by recharacterizing may nonetheless end up doing so because they cannot predict and protect against every possible adverse effect that may flow from recharacterization").

[16] *See* 28 U.S.C. § 636(b)(1) (2000).

[17] *See* W.D. Okla. LCvR 72.1(a).

[18] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

<u>Docketing Instructions</u>

This referral to the undersigned is terminated.

Entered this 15th day of December, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge